**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

DERRICK HENSON :
64 E. Hortter Street :
Philadelphia, PA 19119 :
:
           Plaintiff, :
: Civil Action No.: _____
    v. :
: **JURY TRIAL DEMANDED**
PEPSICO, INC. d/b/a :
PEPSI BOTTLING GROUP :
11701 Roosevelt Blvd. :
Philadelphia, PA 19154 :
:
           Defendant. :

---

## COMPLAINT – CIVIL ACTION

    Plaintiff, Derrick Henson ("Plaintiff"), by and through his undersigned attorney, for his Complaint against PepsiCo, Inc. d/b/a Pepsi Bottling Group ("Defendant"), alleges as follows:

    1.    Plaintiff brings this action to redress violations by the Defendant of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and ultimately terminated him from employment in retaliation for his attempts to exercise those rights in violation of the same. As a result, Plaintiff has suffered damages set forth herein.

## PARTIES

    2.    Plaintiff Derrick Henson is a citizen of the United States and Pennsylvania, and currently maintains a residence at 64 E. Hortter Street, Philadelphia, PA 19119.

3.     Upon information and belief, Defendant PepsiCo., Inc. d/b/a Pepsi Bottling Group is a for-profit corporation registered to do business in the Commonwealth of Pennsylvania and maintains a place of business located at 11701 Roosevelt Blvd, Philadelphia, PA 19154.

## **JURISDICTION AND VENUE**

4.     On or about March 20, 2020, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), and 43 P.S. § 959(a). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2020-03419. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

5.     By correspondence dated February 23, 2021, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

6.     Plaintiff filed the instant action within the statutory time frame applicable to his claims.

7.     Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

8.     This is an action authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Pennsylvania Human Relation Act ("PHRA"), 43 P.S. § 951, *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.

9.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

10. This Court has pendant jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

## FACTUAL BACKGROUND

11. Paragraphs 1 through 10 are hereby incorporated by reference as though the same were fully set forth at length herein.

12. In or around May 2016, Defendant hired Plaintiff in the position of Logistics/Warehouse Supervisor.

13. At all times material hereto, Plaintiff received positive performance reviews, occasional praise, and no significant discipline.

14. By way of background, Plaintiff suffers from asthma and acute bronchitis.

15. Plaintiff's asthma and acute bronchitis constitutes disabilities within the meaning of the ADA/PHRA in that it limits major life activities, such as working, sleeping, breathing, and control over internal bodily function.

16. Plaintiff informed Defendant of his asthma and acute bronchitis – both of which he had been suffering from throughout the entire duration of his employment with Defendant.

17. By way of example, Plaintiff would intermittently pass out from his acute bronchitis and require treatment or recovery time.

18. As a result, on or about May 20, 2019, Plaintiff was approved for and began intermittent FMLA medical leave to seek treatment and/or recover from attacks related to his disabilities.

19. Plaintiff's request for a medical leave of absence in connection to his disability constitutes a request for a reasonable accommodation pursuant to the ADA/PHRA.

20.     In or around July 2019, Defendant hired a Supply Chain Operations Associate Leader, Matthew Shubert ("Mr. Shubert") to be Plaintiff's new manager.

21.     Subsequent to Mr. Shubert becoming Plaintiff's manager, Mr. Shubert began targeting Mr. Henson on the basis of his disabilities and need for a reasonable accommodation in connection thereto.

22.     By way of example, Mr. Shubert began making remarks regarding Plaintiff's intermittent FMLA medical leave including, "you are not going to get paid" and "you have to tell me when you are going to be out."

23.     Furthermore, Mr. Shubert would call Plaintiff and inquire why he was calling out of work despite being aware of Plaintiff's disabilities and approved intermittent medical leave.

24.     Notably, Mr. Shubert stated to Plaintiff, "I'm going to have to do something with you guys," when speaking in regard to Plaintiff and Defendant's other employee on FMLA leave, Everett LNU (Last Name Unknown).

25.     Subsequent to the constant harassment in connection with Plaintiff's disabilities and need for a reasonable accommodation, Defendant's Material Coordinator, Nicole Rowens ("Ms. Rowens"), and employee, Dave LNU (Last Name Unknown), stated they heard that Plaintiff and Everette LNU would be getting fired soon.

26.     Shortly thereafter, Plaintiff made a complaint to Defendant's Human Resources Manager, Molly Cleary ("Ms. Cleary"), and stated he felt harassed and that his job was being threatened.

27.      Upon Plaintiff making his complaint, Ms. Cleary brought up a fire extinguisher issue from in or around August 2019 while simultaneously ignoring Plaintiff's complaints about harassment by Mr. Shubert on the basis of his disabilities.

28. By way of background, Plaintiff was notified of a fire in the break room, despite Defendant never sending out an email regarding this fire at any time prior to Plaintiff being notified about the issue.

29. Upon Plaintiff request to see the fire extinguisher, Plaintiff noted that it was an already used fire extinguisher which was inappropriately placed back in its designated area rather than replaced.

30. At all times material hereto, the fire extinguisher should not have been returned to its designated location if it had already been used.

31. Moreover, Mr. Shubert and Defendant's Safety employee stated that the fire extinguisher sensi tags were missing.

32. Notably, Fire extinguisher sensi tags can be removed easily.

33. Upon information and belief, the fire extinguisher sensi tags were removed so Plaintiff would receive disciplinary action in connection thereto.

34. Also, notably, two (2) days had passed between Plaintiff being accused of fire extinguisher violations and Defendant's most recent safety check which showed no violations of the same.

35. Subsequently to Plaintiff's complaints of harassment on the basis of his disabilities and need for reasonable accommodation in connection there, on or about October 17, 2019, Plaintiff was terminated from employment for allegedly "falsifying documents," in reference to Defendant's fire extinguishers, despite those events taking place approximately two (2) months prior.

36. At no time did Defendant engage in the interactive process with Plaintiff to determine a reasonable accommodation in connection to his disability.

37. It is believed and therefore averred that Defendant terminated Plaintiff because of his actual/perceived disability, his past record of impairment, because Defendant regarded Plaintiff as disabled, and in retaliation for Plaintiff's request for a reasonable accommodation in connection thereto, in violation of the ADA/PHRA.

38. It is further believed and therefore averred that Defendant willfully violated the provisions of the FMLA by interfering with Plaintiff's right to protected intermittent medical leave, and ultimately terminated Plaintiff from employment in retaliation for exercising his rights under same, in violation of the FMLA.

39. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotions, benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, *et seq.*
## DISCRIMINATION AND RETALIATION

40. Paragraphs 1 through 39 are hereby incorporated by reference as though the same were fully set forth at length herein.

41. At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

42. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

43. Plaintiff's asthma and acute bronchitis constitutes a disability within the meaning of the ADA in that it substantially impairs his ability to engage in major life activities, such as working, sleeping, breathing, working, and control over internal bodily function.

44. Despite his disability, Plaintiff would have been able to perform the essential functions of his job with or without a reasonable accommodation, including, but not limited to, a medical leave of absence.

45. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by failing to engage in the interactive process of determining a reasonable accommodation for Plaintiff, and by terminating Plaintiff's employment on the basis of his actual/perceived disability, past record of impairment, and in retaliation for Plaintiff's requests for reasonable accommodations in connection thereto.

46. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive and/or compensatory damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

  C. Plaintiff's costs disbursements, and attorneys' fees incurred in prosecuting this action;

  D. Pre-judgment interest in an appropriate amount; and

  E. Such other and further relief as is just and equitable under the circumstances.

  F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT II**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951,** *et seq.*
**DISCRIMINATION AND RETALIATION**

  47. Paragraphs 1 through 46 are hereby incorporated by reference as though the same were fully set forth at length herein.

  48. Plaintiff is a qualified individual with a disability within the meaning of the Pennsylvania Huan Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, due to his asthma and acute bronchitis which substantially limits Plaintiff's ability to perform major life activities such as working, sleeping, breathing, working, and control over internal bodily function.

  49. Plaintiff was/is able to perform the essential functions of his job with or without a reasonable accommodation.

  50. It is believed and therefore averred that Defendant terminated Plaintiff's employment on the basis of his actual and/or perceived disability, for his past record of impairment, and in retaliation for Plaintiff's requests for a reasonable accommodation in connections thereto.

51. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

52. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in him favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Compensatory damages in an amount to be determined at trial;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of caps on certain damages as set forth by applicable law.

## COUNT III
## THE FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. § 2601, *et seq.*
## INTERFERENCE AND RETALIATION

53. Paragraphs 1 through 52 are hereby incorporated by reference as though the same were fully set forth at length herein.

54. Defendant employed at least fifty (50) employees at its various office locations within the applicable seventy-five (75) mile radius of Plaintiff's worksite for each working day in each of twenty (20) or more calendar days in the current or preceding year.

55. Plaintiff was an eligible employee under the FMLA and entitled to intermittent medical leave for his serious health conditions.

56. Defendant interfered with Plaintiff's rights under the FMLA by harassing and calling Plaintiff to ask why he was not at work despite being approved for intermittent FMLA leave.

57. Defendant willfully violated the FMLA by terminating Plaintiff from his employment in retaliation for his request and use of intermittent FMLA leave.

58. The aforementioned actions of Defendant constitute interference and retaliation under the FMLA.

59. As a result of Defendant's actions, Plaintiff has suffered significant damages.

60. Plaintiff has, because of Defendant's wrongful termination of Plaintiff's employment, suffered loss of employment, promotion benefits, earnings and earnings potential, other significant benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Liquidated damages;

C.  Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

D.  Pre-judgment interest in an appropriate amount; and

E.  Such other and further relief as is just and equitable under the circumstances.

F.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,

**MURPHY LAW GROUP, LLC**


By: */s/ Sarah E. Manning*
Sarah E. Manning, Esq.
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
smanning@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: May 14, 2021

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.